165 So. 203
STATE v. ALLEN.
No. 33721.

Jan. 6, 1936.

Seals & Atkins, of Homer, and T. C. Bergeron, of Farmerville, for appellant.

Gaston L. Porterie, Atty. Gen., Jas. O'Connor, of New Orleans, Wm. F. Mea-dors, Dist. Atty., and Fred. L. Jackson, both of Homer, and Lessley P. Gardiner, Asst. to Atty. Gen., for the State.

LAND, Justice.

Defendant was found guilty by a jury of five of assault with intent to rape, and was sentenced to a term of six years in the state penitentiary. He has appealed and relies, for reversal of the judgment against him, upon numerous bills of exceptions.

Before reviewing these bills in this opinion, it is necessary to have before us certain facts of the case, as stated in the per curiams of the various bills reserved by defendant.

It appears, from the facts therein stated, that Robert Nattin, and the defendant, H. G. Allen, left the town of Homer, La., in an automobile on the night of March 28, 1935, on which the crime of assault to rape was committed, and went to Minden, La., seeking "loose women." While returning to Homer about midnight of that night, they saw Mrs. Roberta Best on the highway. They stopped and she got in the automobile with them. After traveling toward Homer some distance, the defendant, Allen, who was driving the automobile, drove off the highway onto a bridge near the highway. All of the time, Mrs. Best was trying to get out of the automobile and away from Robert Nattin and defendant, and finally persuaded them to let her out. After she got out and started in the direction of Minden, Robert Nattin followed and overtook her within a few feet of the parked automobile, in which the defendant, Allen, was seated. Nattin assaulted and tried to rape her. 'Because of

resistance, he struck her in the face and on the chin with such force that she was rendered unconscious; defendant, Allen, being within a hundred feet of her at the time. About that time, Allen called to Nattin and they got in the automobile. A few minutes thereafter, another automobile, coming in the direction of Homer, ran over the body of Mrs. Best, as she was lying in the middle of the concrete highway, where Nattin had left her. The occupants of the second automobile stopped, went back, and found that she was dead.

### Bill No. 1.

It is contended by counsel for defendant in bill of exceptions No. 1 that, in his opening statement to the jury, the district attorney announced "that it was his purpose to prove that one Robert Nattin had been associated and connected with the defendant, H. G. Allen, in the perpetration of the crime for which defendant, H. G. Allen, was being tried, and that it was his purpose to prove that said Robert Nattin had been tried *for the crime of murder and had been convicted for the crime of manslaughter.*" (Italics ours.)

Objection was made to the alleged statement of the district attorney, "for the reason that it was highly prejudicial to the defendant, H. G. Allen, as the crime of murdering Mrs. Best, with which the defendant, Robert Nattin, was charged, could have no connection with or relevancy with or to the crime of assaulting her with intent to rape, * * * with which the defendant, H. G. Allen, was charged and for which he was being tried at said time. * * . * "

The trial judge overruled the objection for the reason that: "Her death and the assault made upon her all occurred at practically one and the same time and within a few minutes' time, and the Court considered that the testimony as to her death and the cause of her death was admissible, not only as part of the res gestae but the two facts, the assault with intent to commit rape and the death of Mrs. Roberta Best, grew out of the same transaction and were so connected that it was relevant to prove all the facts and circumstances surrounding the transaction."

We find no error in the ruling made by the trial judge.

The defendant, Allen, was present when the crime of assault to rape was being committed by Nattin. He rendered no assistance to the unfortunate victim of that heinous offense; but sat listlessly by in a parked automobile within a short distance from the scene of the crime, watching and ready to speed away with its perpetrator, in order to avoid detection and pursuit. As the direct result of Nattin's felonious act, this defenseless women was left helpless and unconscious in the middle of the highway, and was run over, within a few minutes after the commission of the crime, by a passing automobile, whose occupants were unaware of her presence on the highway. There was conspiracy to commit the crime of assault to rape, as well as conspiracy to commit the crime of murder. The body of the assaulted woman was left in the middle of the highway, for no other purpose than that she should be run over and killed by a passing automobile, in order to cover up

the crime of assault to rape, which had been committed, by sealing the lips of the only eyewitness against the conspirators. The two crimes are so intimately connected and interwoven as to constitute but one continuous criminal transaction, and evidence as to the entire transaction was clearly relevant and admissible.

It is pointed out by the trial judge in the per curiam to bill No. 1 that the statement made by the district attorney was not that he intended to prove "that the said Robert Nattin had been tried *for the crime of murder and had been convicted for the crime of manslaughter*," but that the statement made was merely that "Robert Nattin had been tried."

In this connection, it is also stated in the per curiam to this bill: "There was no testimony that went to the jury in regard to the trial of Robert Nattin (for) killing Mrs. Best, and the court did not consider the statement made by the district attorney prejudicial to the defendant." We concur in this conclusion, and hold that the ruling made by the trial judge is correct.

### Bill No. 2.

■ Counsel for defendant objected to the statement alleged to have been made by the district attorney, in his opening statement to the jury, "that it was his purpose to prove that the defendant, H. G. Allen, on the night when he was charged with having committed the crime for which he stands indicted, was seeking a woman companion prior to the alleged commission of the crime." This statement was excepted to as irrelevant and immaterial and prejudicial.

The trial judge, however, states in the per curiam to this bill: "The district attorney stated, in his opening statement, that he expected to prove the confessions and admissions made by the defendant and statements made by him, which statements and admissions and confessions were free and voluntary; one of which statements was that the defendant, H. G. Allen, who did not live in the Town of Homer, came to Homer on the night of the alleged crime, and he and Robert Nattin left Homer to go to Minden, Louisiana, *for the purpose of seeking loose women and a woman companion,* which statement of the defendant was made to several witnesses before the crime and afterward, and which statements were free and voluntary, and the court considered said statements relevant and admissible to show the purpose and intention of the defendant and Nattin in making the trip to Minden on the night of the crime." (Italics ours.)

These statements show that defendant, Allen, and Robert Nattin were on a lustful mission on the night of the crime, which found its final consummation in the assault made by Nattin upon Mrs. Best, in the presence and with the connivance of the defendant, Allen. The evidence clearly shows the purpose and intention of defendant and Nattin on the night of the crime, and was clearly admissible.

### Bill No. 3.

■ Counsel for defendant objected to the statement made by the district attorney, in his opening statement, "that it was his purpose to prove the part that the defendant, H. G. Allen, played in the investiga-

tion of the homicide (referring to the death of Roberta Best)." This statement was objected to as irrelevant and immaterial and prejudicial.

The objection was overruled by the court.

In his per curiam to this bill, the trial judge says: "As stated in the per curiams to bills No. 1 and 2, the death of Mrs. Roberta Best happened at the same time the alleged crime of assault with intent to commit rape occurred, grew out of the same transaction, and the court considered it part of the res gestæ and so connected with the crime charged that it was almost impossible to prove the crime charged without proof of the death of Mrs. Roberta Best, and that said evidence was admissible and relevant." The ruling is correct.

### Bill No. 4.

■ The coroner of the parish of Claiborne was called by the state as a witness, and was asked by the district attorney, "whether or not on the 28th day of March in the year 1935, in his capacity as coroner, he held an inquest in connection with the death of Mrs. Roberta Best."

Counsel for defendant objected to this question, "for the reason that inquiry into the death of Mrs. Roberta Best (whose death was not charged as a crime against the defendant, H. G. Allen) was immaterial and irrelevant" and prejudicial.

This objection was overruled by the trial judge for the following reasons: "For the reasons stated in the per curiams to bills No. 1, 2, and 3, the court is of the opinion that the proof of the death of Mrs. Roberta Best was admissible and relevant, being part of the res gestæ and grew out of and happened at the same time the crime of assault with intent to commit rape occurred."

We find no error in this ruling.

There were thirteen bills of exceptions reserved in the case, but the record presents only bills of exceptions Nos. 1, 2, 3, 4, 9, 10, 12, 13, and a bill of exceptions, not numbered, taken to the overruling of the motion for a new trial.

### Bill No. 9.

■ This bill was reserved to the offering in evidence by the district attorney of "the indictment in case No. 2100, State of Louisiana v. Robert Nattin, in which case the defendant, Robert Nattin, is charged with murdering Roberta Best." The offering was objected to by counsel for defendant "for the reason that same was irrelevant and immaterial" and prejudicial.

The objection was overruled by the trial judge for the following reasons, stated in the per curiam to this bill: "The district attorney offered the indictment against Robert Nattin in which the said Robert Nattin was charged with murdering Mrs. Roberta Best, but after the defendant objected to the offering, both counsel for the state and the defendant argued the question of the admissibility of the said document in evidence, out of the presence of the jury, and the court indicating, out of the presence of the jury, that the objection would be sustained, and without the court ruling on the objection, the district attorney withdrew the offering and the jury knew nothing of its contents, same was not exhibited to the jury, and the court did not consider the mere

offering of the document in evidence and the district attorney withdrawing same, before it was exhibited to the jury, and without the jury knowing what the document was, was prejudicial and could not in any way influence the jury or affect the minds of the jury in any manner."

The bill is without merit.

### Bill No. 10.

The sheriff of Claiborne parish was asked by the district attorney "if he investigated the death of Mrs. Roberta Best."

This question was objected to, for the reason that the death of Mrs. Roberta Best was not connected with the crime with which defendant is charged, and that the evidence was irrelevant and immaterial, and prejudicial. This objection was overruled.

For reasons already assigned in previous bills of exceptions, the ruling of the trial judge is approved.

### Bill No. 12.

The district attorney asked Raleigh Wise, a state witness: "What happened on the occasion that you saw Mr. Allen?" This question was objected to as irrelevant and immaterial. The objection was overruled, for the following reasons, as shown in the per curiam to this bill:

"The evidence showed that the defendant, Allen, came to the town of Homer in his automobile and went to the ice plant in the town of Homer where Raleigh Wise worked on the night the alleged crime was committed and tried to persuade Wise to go with him for the purpose of seeking the *company of loose women* and, after Wise had re-

fused, Robert Nattin came up to the ice plant and was introduced to the defendant by Wise, and the defendant approached Mr. Nattin and they agreed to go to Minden for the purpose of seeking the *company of loose women,* and the court considered what the defendant did on that occasion and what he said at that place and at that time was relevant and admissible for the purpose of showing his mission and his intention in going to Minden, and for the purpose of showing that he and Robert Nattin were out seeking the *company of loose women,* and the statements made by defendant at that time were freely made and without any compulsion on the part of anyone else." (Italics ours.)

This evidence was admissible, for the reasons already assigned under bill of exceptions No. 2.

### Bill No. 13.

While defendant was testifying, the district attorney asked him "if he knew what statement Nattin made when he was interrogated."

The objection of irrelevancy and immateriality of the testimony was overruled, for the following reasons, assigned by the trial judge in the per curiam to this bill: "As shown by the note of evidence attached to this bill, while defendant was under cross-examination, he was asked if he knew what statements Robert Nattin had made and he answered that he did not, and the court considered that the question was relevant and admissible and not prejudicial to the defendant, and in view of the fact (that) he answered 'I don't know,' no evidence of these

statements went to the jury." The bill is without the slightest merit.

### Bill of Exceptions to Overruling Motion for New Trial.

The motion for new trial is based on the grounds that the verdict is contrary to the law and the evidence, and upon a reiteration of the errors assigned in the bills already considered and disposed of in this opinion.

The motion was properly overruled.

It is therefore ordered that the conviction and sentence appealed from be, and are hereby, affirmed.